IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:07-cr-00187-AN |
| v. | |
| RODNEY A. GRIGGS, | OPINION AND ORDER |
| Defendant. | |

Defendant Rodney A. Griggs ("Griggs") filed this Motion for Early Termination of Supervised Release, ECF [27]. Oral argument was held on August 1, 2024. For the reasons set forth below, Griggs' motion is GRANTED.

## LEGAL STANDARD

This Court has discretion to terminate a term of supervised release any time after "the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). In determining whether termination is warranted, the following factors in 18 U.S.C. § 3553(a) must be considered:

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
"(2) The need for the sentence imposed –
. . .
"(B) to afford adequate deterrence to criminal conduct;
"(C) to protect the public from further crimes of the defendant; and
"(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
. . . .
"(4) the kinds of sentence and the sentencing range established for –
"(A) the applicable category of offense committed by the applicable category of defendant . . .
"(5) any pertinent policy statement –
"(A) issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) . . . that is in effect on the date the defendant was sentenced; and
"(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
"(6) the need to avoid unwarranted sentence disparities among defendants with similar

1

records who have been found guilty of similar conduct; and
"(7) the need to provide restitution to any victims of the offense."[1]

The defendant bears the burden of demonstrating that early termination is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). When denying or granting a request for early termination of supervised release, this Court must provide an explanation that is "sufficiently detailed to permit meaningful appellate review" and "state[s] the court's reasons for rejecting nonfrivolous arguments." *United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014).

## BACKGROUND

On January 23, 2008, Griggs pled guilty to Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Plea Pet. & Plea Agreement, ECF [17], ¶ 24. The conviction arose from an incident on October 12, 2006, when Griggs and an associate dressed as Water Bureau employees and robbed a residential medical marijuana grower at gunpoint. Gov't's Resp. to Def's Mot. For Early Term. ("Gov't's Resp."), ECF [31], at 1. Two residents, including a sixteen-year-old, were bound with duct tape during the robbery. *Id.* Griggs was identified through a fingerprint analysis, and police recovered a .45 caliber handgun during a search of defendant's residence. *Id.* at 1-2. Griggs admitted the gun was his but told police that an air soft pistol was used during the robbery. *Id.* On March 17, 2008, Griggs was sentenced to a sixty-four-month incarceration term, followed by a three-year term of supervised release. J. & Comm., ECF [20], at 2-3.

Griggs began supervision on in February of 2022. Gov't's Resp. 2. Presently, Griggs has completed approximately twenty-nine months of his three-year supervised release term. *Id.* Upon beginning supervision, Griggs joined the employment/housing program offered by Portland Opportunities Industrialization Center ("POIC"), through which he obtained housing and employment with Daimler Truck Plant in May of 2022, where he is presently employed. Def.'s Mot. For Early Term. ("Def.'s Mot."), ECF [27], at 2. He has been promoted to a team leader in the material handler's department where he supervises twenty-eight other employees for ten to thirteen hours a day. *Id.*

---

[1] The government concedes that restitution is not at issue in this case.

Some of Grigg's special conditions of supervised release were completing mental health treatment, paying a $100 special assessment fee, and abstaining from marijuana and controlled substances. J. & Commitment 3-4. Griggs has generally complied with the conditions of his supervised release, but he has acquired one documented violation. Gov't's Resp. 2. In February of 2024, Griggs submitted a drug test that tested positive for marijuana. *Id.* Griggs admitted to the U.S. Probation Office ("USPO") that he smoked marijuana on two occasions. Def.'s Mot. 2. The court was notified, but USPO declined to pursue a violation. *Id.*

## DISCUSSION

Griggs argues that early termination of his supervised release is warranted because he has demonstrated completion of the primary goal of supervised release: "to ease the defendant's transition into the community." *Id.* at 3 (citing S. Rep. No. 98-225, at 124-25 (1983)). In Griggs' view, the applicable § 3553(a) factors have been satisfied, and his conduct shows that he no longer needs USPO's resources or the constraints of supervision.

As evidence, Griggs emphasizes that he has served over two-thirds of his supervised release term, that he has stable housing and employment, participates in prosocial activities, and has complied with his conditions of supervision. The Deputy Director of POIC wrote a letter supporting early termination of Griggs' supervised release because "[Griggs] has been able to stabilize his self [*sic*] in society and . . . be a positive role model to his peers showing that he learned from his mistake[,] however he isn't going to allow it to identify him or allow it to be a barrier of what he wants out of life." Def.'s Mot., Ex. A.

Additionally, Griggs notes that his prosocial and familial support would continue following termination of his supervision because he has a seventeen-year-old son, who he hopes to ensure does not "get lost in the system like he did." *Id.* at 4. Griggs also maintains a relationship with his mother, who is seventy-two and splits her time between Alabama and California. He hopes to be able to visit his family more freely and intends to continue working for Daimler because he is close to receiving full benefits from his pension.

The government opposes early termination, and USPO recommends that Griggs' motion be denied. In opposition, the government offers a single sentence for why the motion should be denied: "[B]ecause of the seriousness of the underlying criminal conduct and defendant's recent lack of compliance with the conditions." Gov't's Resp. 2. Similarly, USPO recommends denying the motion because of Griggs' recent drug use and prior criminal history. Report on Offender, ECF [32], at 2.

The Court finds that the relevant § 3553(a) factors weigh in favor of early termination. No sentencing disparities will occur from early termination because Griggs has completed approximately eighty percent of his supervision term. Although the nature and circumstances of Griggs' conviction are serious, since his supervision term began, he has obtained, and maintained, steady employment with the same employer, secured stable housing, maintained two years of sobriety prior to his February 2024 use of marijuana, and maintained healthy interpersonal relationships. Further, despite Griggs' recent marijuana use, he was forthcoming and honest about the amount and extent of his usage. Griggs' history and characteristics indicate that the goals of supervision have been met.

Griggs' criminal history involves convictions obtained over fifteen years ago, and he has not engaged in new criminal activity or had contact with law enforcement during his supervision term. Griggs' supervision term has afforded adequate deterrence to criminal conduct and will protect the public from further crimes.

USPO has not indicated any services it could provide that Griggs needs, or would benefit from, at this time. Indeed, Griggs is presently employed, in stable housing, and has had only one incident involving drug use during his supervision term. Continuing supervision is not necessary to provide Griggs with educational or vocational training, medical care, or other correctional treatment.

Put simply, Griggs has made a dedicated, and successful, effort to transition into his community. He has achieved the goals and purpose of supervised release, and early termination of supervised release is warranted by his conduct, the § 3553(a) factors, and in the interest of justice.

## CONCLUSION

Accordingly, Griggs' Motion for Early Termination of Supervised Release, ECF [27], is GRANTED.

IT IS SO ORDERED.

DATED this 1st day of August, 2024.

Adrienne Nelson
United States District Judge